# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLE LAPPIN,** | ) | CASE NO:  5:20-CV-107 |
| | ) | |
| Plaintiff, | ) | JUDGE:  SARA LIOI |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE: KATHLEEN |
| | ) | B. BURKE |
| **ALLSTATE FIRE AND CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY A QUESTION TO THE SUPREME COURT OF OHIO

Allstate Fire and Casualty Insurance Company ("Allstate"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Certify a Question pursuant to Supreme Court of Ohio Rule of Practice 9.01, stating as follows:

## INTRODUCTION

Plaintiff submitted a first party automobile physical damage claim to her insurer, Allstate, in November 2016.  Allstate allegedly treated the claim as a total loss, and paid the Plaintiff a total amount of $12,137.00 according to the express terms of the insurance policy ("Policy"). Now, more than three years later, Plaintiff attempts to state counts for breach of contract and declaratory relief based on Allstate's alleged failure to include sales tax, title-transfer fees, and registration fees (collectively, "Vehicle Sales Tax and Registration Fees") as part of the alleged "ACV payment" made to Plaintiff.  As set forth more fully in Allstate's Memorandum in Support of its Motion to Dismiss, both counts should be dismissed because:  (1) the Complaint is time-

1

barred, as Plaintiff did not sue within one year of the loss, as required under the plain language of the Policy; (2) Plaintiff lacks standing, as she does not plead the existence of any injury or any actual controversy arising from the alleged nonpayment of Vehicle Sales Tax and Registration Fees; (3) the express language of the Policy does not require payment of Vehicle Sales Tax and Registration Fees in connection with a covered loss; and (4) Ohio law does not require payment of Vehicle Registration Fees, and only requires payment of sales tax under limited circumstances not applicable here.

In February, the Court of Common Pleas of Lake County, Ohio (Judge Eugene A. Lucci) dismissed a nearly identical putative class action filed by the same plaintiff's counsel in the present action. When dismissing the *Hines* complaint, Judge Lucci explained:

> The policy does not explicitly provide for the payment of title and registration fees…. Title and registration fees are costs associated with the ownership of a vehicle and do not affect the value of the vehicle….

(*See Hines* Motion to Dismiss Order dated Feb. 4, 2020, at pp. 2-3, attached hereto as **Ex. 1**.)[1]

Further, eight months ago, the Court of Common Pleas of Cuyahoga County (Judge John P. O'Donnell) dismissed a parallel putative class action filed by the same plaintiff's counsel in the instant action.[2] When dismissing the *Williams-Diggins* complaint, Judge O'Donnell stressed:

> [N]owhere in the [insurance] contract does the [insurer] promise to pay sales taxes and [title and registration] fees in the event the plaintiff, after accepting [payment from the insurer under the policy for the loss], decides to replace the damaged vehicle.

---

[1] A copy of the Class Action Complaint filed in *Hines v. Victoria Fire & Cas. Co.*, Case No. 19CV001233 (Ct. Common Pleas, Lake Cty.), is attached to Allstate's Motion to Dismiss Memorandum ("MTD Memo") as Ex. 2. On Feb. 28, 2020, plaintiff filed a Notice of Appeal with respect to the Dismissal Order entered in *Hines*.

[2] A copy of the Class Action Complaint filed in *Williams-Diggins v. Permanent Gen. Assur. Corp. of Ohio*, Case No. CV 19 912705 (Ct. Common Pleas, Cuyahoga Cty.), is attached to MTD Memo as Ex. 3.

(*See Williams-Diggins* Motion to Dismiss Order dated June 28, 2019, at p. 1, attached hereto as **Ex. 2.**)[3]

Notwithstanding these recent decisions, the issue presented here—whether an insurer must pay Vehicle Sales Tax and Registration Fees on total loss vehicle claims with one measurement of the limit of liability defined as the "actual cash value" of the damaged property—has never been explicitly addressed by the Supreme Court of Ohio, and the developing case law is not uniform (as set forth further below). If the Court finds this suit to be viable notwithstanding Allstate's Motion to Dismiss, then the best means to "secure the just, speedy, and inexpensive determination" of this putative class action is to certify the proffered question pursuant to Supreme Court of Ohio Practice 9.01. If the Supreme Court holds that neither the "actual cash value" language nor Ohio law requires insurers to pay Vehicle Sales Tax and Registration Fees on total loss vehicle claims in Ohio, then Plaintiff's claims fail as a matter of law, as do the parallel pending class actions against other insurers in Ohio (which are described below). By contrast, if the Ohio Supreme Court instead holds that Vehicle Sales Tax and Registration Fees are a component of "actual cash value" that must be paid on total loss vehicle claims under Ohio contractual principles or Ohio law, then the parties will benefit from clarification of the issues, which may establish a framework for adjudicating any remaining contested issues, or lead to other resolution of this suit.

Certification of a question is particularly important because there are several parallel class actions pending—either at the District Court level or on appeal—against insurers in Ohio (including American Family, Grange, Permanent General, GEICO, Nationwide Agribusiness

---

[3] Plaintiff *Williams-Diggins* has appealed the Dismissal Order to the Eighth District Court of Appeals, No. CA-19-108846, and the appeal is currently pending.

Insurance Company, and Victoria Fire & Casualty Company) mostly prosecuted by the same plaintiff's counsel in the present action, implicating a sizeable share of the Ohio automobile insurance market. *See Ostendorf v. Grange Indem. Ins. Co.*, Case No. 2:19-cv-01147, S.D. Ohio (putative class action for breach of contract for and declaratory relief alleging failure to include Vehicle Sales Tax and Registration Fees);[4] *Wilkerson v. Am. Family Ins. Co.*, Case No: 1:19-cv-02425, N.D. Ohio (same);[5] *Davis v. GEICO Cas. Co.*, Case No. 2:19-cv-02477 (S.D. Ohio Jan. 7, 2020) (same);[6] *Smith v. Nationwide Agribusiness Insurance Company*, Case No. 1:20-cv-00108, (N.D. Ohio) (same);[7] *Desai v. GEICO Cas. Co.*, Case No. 1:19-cv-02327, (N.D. Ohio); (putative class action for breach of contract and declaratory relief alleging, *inter alia*, failure to include license, dealer, and title fees);[8] *Hines v. Victoria Fire & Cas. Co*., Case No. 19CV001233 (Ct. Common Pleas, Lake Cty.) (dismissal Order is pending on appeal), *Williams-Diggins v. Permanent Gen. Assur. Corp. of Ohio*, Case No. CV 19 912705 (Ct. Common Pleas, Cuyahoga Cty.) (dismissal Order is pending on appeal). Indeed, the defendant insurer in the pending *Smith* action also recently filed—in addition to a motion to dismiss the putative class action complaint—a motion to certify the same question that Allstate is requesting to proffer to the Ohio Supreme Court here.[9] The very pendency of the above cases suggests that a significant volume of total loss claims are adjusted throughout Ohio on a continuing basis. A ruling from

---

[4] A copy of the *Ostendorf* Complaint is attached hereto as **Ex. 3**.
[5] A copy of the *Wilkerson* Complaint is attached hereto as **Ex. 4**.
[6] A copy of the *Davis* Complaint is attached hereto as **Ex. 5**.
[7] A copy of the *Smith* Complaint is attached hereto as **Ex. 6.**
[8] A copy of the *Desai* Complaint is attached hereto as **Ex. 7**.
[9] *See Smith* ECF No. 7.

the Ohio Supreme Court could bring certainty to the parties in this case, as well as insurers and insureds throughout Ohio.

The need for a definitive articulation of Ohio law by the Supreme Court of Ohio is magnified in a putative class action like this one, which may include extensive written and oral discovery, contested class certification briefing and hearing(s), potential Rule 23(f) interlocutory appeals, potential notice and opt-out procedures, expert discovery, dispositive motion briefing, and pre-trial/trial proceedings. By contrast, if the Supreme Court of Ohio accepts the certified question and issues a ruling, that would likely streamline further proceedings in this action, as well as the pending parallel class actions. As the United States Supreme Court has emphasized, certifying a question to a state Supreme Court can "save time, energy, and resources and help[] build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974).

For these reasons and those set forth more fully below, Allstate respectfully requests certification of the following question to the Supreme Court of Ohio:

> Where an Ohio private passenger automobile insurance policy provides for payment of loss to a covered auto up to the limit of liability, and where "actual cash value" of the damaged property is a measure of the limit of liability, must the insurer pay for sales tax, title-transfer fees, and registration fees (collectively, "Vehicle Sales Tax and Registration Fees") when the auto is determined to be a total loss?

## **BACKGROUND**

Allstate offers its customers private passenger automobile insurance, providing for payment when a covered vehicle is determined to be a "total loss." (*See* Compl., at ¶ 1-4.) The Complaint alleges that Allstate issued a Policy to Plaintiff insuring a 2010 Honda CR-V (VIN

No. 5J6RE4H77AL060112). (*See id*., at ¶¶ 14-15; a copy of the Policy is attached hereto as **Ex. 8**.)[10]

Four portions of the Policy are relevant here: (1) the auto collision insurance coverage provision and corresponding definitions; (2) the limit of liability; (3) the appraisal provision; and (4) the "Action Against Us" provision.

First, the auto collision insurance coverage provision and corresponding definitions affirmatively grant coverage for loss to "your covered auto," which means the "vehicle shown in the Declarations," *i.e.,* the 2010 Honda CR-V:

> **DEFINITIONS USED THROUGHOUT THE POLICY**
>
> 5. "Insured auto" means any **auto** or **utility auto you** own which is described on the Policy Declarations . . ..
>
> * * *
>
> **AUTO COLLISION INSURANCE COVERAGE DD**
>
> If a premium is shown on the Policy Declarations for Auto Collision Insurance, **we** will pay for direct and accidental *loss to an insured auto* . . . from a collision with another object or by upset of that **auto** or trailer."[11]

(*See* Policy, **Ex. 8** hereto, at pp. 3, 19) (bold in original) (emphasis added.)

Second, in the "Limit of Liability," the Policy specifies that Allstate need not pay more than the least of the actual cash value of the vehicle; the amount necessary to repair or replace the vehicle; or the limit of liability listed on the Policy Declaration Pages:

> **LIMIT OF LIABILITY**
>
> **Our** limit of liability is *the least of*:

---

[10] Although not relevant for purposes of this Motion, this allegation is wrong. The named insured on the Policy is Christopher J. Lappin. Nicole Lappin is a "listed driver" on the Policy. (*See* Policy, **Ex. 8** hereto.)

[11] The Policy Declaration Pages indicate that Auto Collision Insurance Coverage is provided under the Policy. (*See* Policy, **Ex. 8** hereto.)

6

1. the actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation;

2. the cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to, non-original equipment manufacturers, subject to all applicable state laws and regulations;

3. the limit of liability shown on the Policy Declarations applicable to the damaged property; *or*

4. $500, if the loss is to a covered trailer not described on the Policy Declarations.

Any applicable deductible amount is then subtracted.

(*Id.*, at p. 4 of Endorsement AFA57-3) (bolded in original) (emphasis added.)

Third, the Policy contains a contractual appraisal mechanism to resolve disagreements over the amount of loss:

> **RIGHT TO APPRAISAL**
>
> Both **you** and **we** have a right to demand an appraisal of the loss.  Each will appoint and pay a qualified appraiser.  Other appraiser expenses will be shared equally.  The two appraisers, or a judge of a court of record, will select an umpire.  Each appraiser will state the actual cash value and the amount of loss.  If they disagree, they'll submit their difference to the umpire.  A written agreement by any two of these three persons will determine the amount of the loss.

(*Id.*, at p. 23) (bold in original.)

Finally, the Policy specifies that compliance with all terms is a condition precedent to bringing legal action against Allstate and that any legal action relating to the existence or amount of coverage and/or the amount of the loss must be brought within one year after the date of the loss at issue:

7

> **ACTION AGAINST US**
>
> No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless there is full compliance with all policy terms and such action is commenced within one year after the date of loss.

(*Id.*, at p. 4 of Endorsement AFA57-3) (bold in original.)

Plaintiff alleges that, on or about November 25, 2016, her vehicle was damaged in an accident, after which Plaintiff filed a first-party claim with Allstate for property damage. (*See* Compl., at ¶ 17.) Allstate allegedly determined that the vehicle was a total loss, and paid to Plaintiff as follows: the "total value" amount of $13,137.00, less $1,000.00 for the Policy deductible, for a net amount of $12,137.00. (*See id.*, at ¶¶ 18-21.) This total amount allegedly did not include any amounts for Vehicle Sales Tax and Registration Fees. (*Id.*, at ¶ 23.) Plaintiff purports to not challenge the "total value" calculation or the application of the deductible. (*See* Compl.) However, Plaintiff contends that Allstate was required to include the following amounts in its payment to Plaintiff: $866.75 for sales tax; $15.00 for title-transfer fees; and $4.50 for registration fees. (*Id.*, at ¶¶ 23-24.)

Simultaneous with filing the present Motion, Allstate has filed a Motion to Dismiss, raising five arguments relevant here:

(1) **The complaint is time-barred because Plaintiff did not sue within one year of loss, as required under the Policy.**[12] The Policy explicitly states that "[n]o one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought … unless there is full compliance with all policy terms and *such action is commenced within one year after the date of loss*. (Policy, **Ex. 8** hereto, at p. 4 of Endorsement AFA57-3) (bold in original) (emphasis added.) Here, Plaintiff alleges that the accident at issue occurred on or about November 25, 2016 (*see* Compl., at ¶17), but she indisputably waited more than *three years* after the date of the loss to file this action. The breach of contract and declaratory judgment claims allege that Plaintiff is entitled to additional payment for her loss because Allstate allegedly did not pay for Vehicle Sales Tax and Registration Fees, which are

---

[12] *See* MTD Memo and the cases cited therein, at pp. 9-10.

supposedly required. Plaintiff has not pleaded any exception to the one-year suit limitation provision. (*See* Compl.) Accordingly, the Complaint is time-barred on its face and must be dismissed as a matter of law.

(2) **Even if Plaintiff's Claims were not time-barred, Plaintiff lacks requisite standing under Fed. R. Civ. P. 12(b)(1) to prosecute this action because she fails to allege the existence of any injury or damages and/or the existence of an actual controversy.**[13] While Plaintiff complains that Allstate did not include Vehicle Sales Tax and Registration Fees in its payment for the loss to Plaintiff's covered vehicle, *she never alleges that she actually paid any such Fees after the loss*. (*See* Compl.) Accordingly, Plaintiff fails to make any allegation that would give rise to standing.

(3) **Even if Plaintiff did have standing, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6), because the Policy obligates Allstate to pay for the "direct and accidental loss to an insured auto" rather than "actual cash value."**[14] (Policy, **Ex. 8** hereto, at p. 19.) The applicable Policy language only requires payment for loss to the 2010 Honda CR-V, and not for Vehicle Sales Tax and Registration Fees. *See Long Beach Ass'n, Inc. v. Jones*, 82 Ohio St.3d 574, 577, 697 N.E.2d 208, 209-10 (1998) ("'[w]here terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties.'") (internal citations omitted); *see also White v. Ogle*, 67 Ohio App.2d 35, 425 N.E.2d 926 (8th Dist. 1979) ("An insurance company is only liable according to the terms and provisions of its contract, and not otherwise.") Plaintiff fails to recognize that "actual cash value" is merely a limitation on liability. *See Coleman v. Garrison Prop. & Cas. Ins. Co.*, No. 1:19-cv-01745 (N.D. Ill.) (Order of Dismissal dated Jan. 30, 2020, Ex. 6 to MTD Memo; at pp. 5-6, 8.).

(4) **If Plaintiff were correct that Allstate must pay "actual cash value" for her total loss based on the contractual limit of liability, that standard does not mandate payment of Vehicle Sales Tax and Registration Fees.**[15] Rather, the Policy unambiguously specifies one measure of the limit of liability as "[a]ctual cash value *of the property or damaged part of the property at the time of loss[.]*" (*see* Policy, **Ex. 8** hereto, at p. 4 of Endorsement AFA57-3) (emphasis added.) The "property or damaged part of the property" references the value of the 2010 Honda CR-V, and not Vehicle Sales Tax and Registration Fees. To the extent Vehicle Sales Tax and Registration Fees bear any relevance to the claim, they would be associated with *replacement* of the loss vehicle, rather than actual cash value. Thus, straightforward application of the Policy does not mandate payment for Vehicle Sales Tax and Registration Fees as a matter of law. *See Hines* Motion to Dismiss Order, **Ex. 1** hereto, at pp. 2-3 ("The policy does not explicitly provide for the payment of title and registration fees…. Title and registration fees are costs associated with the ownership

---

[13] *See* MTD Memo and the cases cited therein, at pp. 11-12.

[14] *See* MTD Memo and the cases cited therein, at pp. 12-14.

[15] *See* MTD Memo and the cases cited therein, at pp. 14-17.

of a vehicle and do not affect the value of the vehicle"); *Williams-Diggins* Motion to Dismiss Order, **Ex. 2** hereto, at p. 1 ("[N]owhere in the contract does the [insurer] promise to pay sales taxes and [title and registration] fees in the event the plaintiff, after accepting [payment from the insurer under the policy for the loss], decides to replace the damaged vehicle.").

(5) **Ohio law does not require payment of Vehicle Registration Fees, and only requires payment of sales tax under limited circumstances not applicable here.**[16] Plaintiff cites no Ohio statute or regulation requiring payment of Vehicle Registration Fees by an insurer in connection with a total loss. While there is an Ohio Administrative Code provision[17] that explicitly sets forth narrow circumstances when insurers must pay sales tax on a total loss vehicle claim, *i.e.,* after a claimant provides timely and complete substantiation for the purchase of a replacement vehicle, this provision makes *no reference whatsoever* to Vehicle Registration Fees. Moreover, Plaintiff *has not pleaded* the limited circumstances under which she would be entitled to payment of sales tax. The language of Ohio Adm. Code 3901-1-54(H)(7)(f) further supports Allstate's position because it makes clear that "actual cash value" does not inherently include sales tax—which is why the statute affirmatively spells out circumstances where sales tax must be paid *beyond* actual cash value.

If the Court finds that dismissal is appropriate based on the first argument above (untimeliness of Plaintiff's claims), second argument above (lack of standing), or the third argument above (application of "direct and accidental loss to an insured auto," rather than "actual cash value"), then the present Motion to Certify is moot. However, if the Court reaches the fourth or fifth arguments above (scope of "actual cash value," and requirements of Ohio law), and the Court would otherwise find the Complaint to be viable, then the Court should certify the

---

[16] *See* MTD Memo and the Ohio Adm. Code provision cited therein, at pp. 17-18.

[17] Ohio Adm. Code 3901-1-54(H)(7)(f) states:

If within thirty days of receipt by the claimant of a cash settlement for the total loss of an automobile, the claimant purchases a replacement automobile, the insurer shall reimburse the claimant for the applicable sales taxes incurred on account of the claimant's purchase of the automobile, but not to exceed the amount that would have been payable by the claimant for sales taxes on the purchase of an automobile with a market value equal to the amount of the cash settlement…. *If the claimant cannot substantiate such purchase [of a replacement vehicle] and the payment of such sales taxes by submission to the insurer of appropriate documentation within thirty-three days after receipt of the cash settlement, the insurer shall not be required to reimburse the claimant for such sales taxes.* (emphasis added.)

10

proffered question of state law to the Supreme Court of Ohio pursuant to Supreme Court of Ohio Practice 9.01 for all of the reasons set forth more fully below.

## ARGUMENT

### I. THE REQUIREMENTS FOR CERTIFICATION TO THE OHIO SUPREME COURT HAVE BEEN SATISFIED.

The Supreme Court of Ohio allows for certification of a question by a federal court when "there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court." Ohio Sup. Ct. Prac. R. 9.01(A). Stressing the value of the certification procedure, the Supreme Court of Ohio notes that, "[t]o the extent that a federal court applies different legal rules than the state court would have, the state's sovereignty is diminished." *Scott v. Bank One Trust Co.*, 62 Ohio St. 3d 39, 43, 577 N.E.2d 1077, 1080 (1991). Similarly, the Sixth Circuit has recognized that "[s]ubmitting uncertain questions of state law to the state's highest court by way of certification acknowledges that court's status as the final arbiter on matters of state law and avoids the potential for 'friction-generating error' which exists whenever a federal court construes a state law in the absence of any direction from the state courts." *Planned Parenthood Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir. 2008), *certified question answered sub nom. Cordray v. Planned Parenthood Cincinnati Region*, 122 Ohio St. 3d 161, 911 N.E.2d 871 (2009). Moreover, "[c]ertification 'avoids the hazards of attempting to forecast' how a state court might rule, and 'saves time, energy, and resources and helps build a cooperative judicial federalism.'" *Arbino v. Johnson & Johnson*, No. 3:06-cv-40010, 2006 WL 1720538, at *1 (N.D. Ohio June 20, 2006) (quoting *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 77 (1997) (*per curiam*) (internal citations omitted).) Thus, "federal courts also have a vital interest in certification…." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. 1994).

11

> **A.    Resolution Of The Question Presented May Be Determinative Of This Action.**

Plaintiff contends that Allstate must pay the "actual cash value" of the total loss vehicle, and this standard allegedly mandates automatic inclusion of Vehicle Sales Tax and Registration Fees as a matter of Ohio contract interpretation and/or Ohio legal mandate. (*See* Compl., at ¶¶ 1-9; 70-77; 78-92.) If the Court accepts Plaintiff's framing of the underlying legal issues, then the Supreme Court's response to the question proffered in this Motion could be partially or completely determinative of the present case, depending on the scope of the decision.

> **B.    There Is No Controlling Precedent In The Supreme Court Of Ohio, And There Is Not Uniformity Among Lower Court Decisions.**

Two Ohio courts have found that there is no requirement to include Vehicle Sales Tax and Registration Fees in the calculation of actual cash value, because such costs are associated with a *replacement vehicle*, and not the damaged "insured auto." *See Hines* Dismissal Order, **Ex. 1** hereto, at pp. 2-3 ("The policy does not explicitly provide for the payment of title and registration fees….. [Such fees] are costs associated with the ownership of a vehicle and do not affect the value of the vehicle…."); *see also Williams-Diggins* Motion to Dismiss Order, **Ex. 2** hereto, at p. 1 ("[N]owhere in the contract does the [insurer] promise to pay sales taxes and [title and registration] fees in the event the plaintiff, after accepting [payment from the insurer under the policy for the loss], decides to replace the damaged vehicle."). These cases reflect the correct outcome here, as set forth in Allstate's Motion to Dismiss.

However, two other courts presiding over parallel class actions challenging the payment of Vehicle Sales Tax and Registration Fees have denied motions to dismiss. *See Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-cv-1147, 2020 WL 134169, at *3 (S.D. Ohio Jan. 13, 2020); *Davis v. GEICO Cas. Co.*, Case No. 2:19-cv-02477, 2020 U.S. Dist. LEXIS 2071, at *16 (S.D. Ohio Jan. 7, 2020). These two cases are addressed more fully in Allstate's Motion to Dismiss.

12

Neither of them addressed the argument that "actual cash value" defines the limit of liability rather than the payment obligation. *Cf. Coleman v. Garrison Prop. & Cas. Ins. Co.*, No. 11:19-cv-017745, N.D. Ill. (Order of Dismissal dated January 30, 2020, Ex. 6 to MTD Memo, at p. 8.)

In three other cases, Motions to Dismiss are pending. *See Wilkerson v. Am. Family Ins. Co.*, Case No: 1:19-cv-02425, N.D. Ohio; *Desai v. GEICO Cas. Co.*, Case No. 1:19-cv-02327, N.D. Ohio; *Smith v. Nationwide Agribusiness Ins. Co.*, Case No. 1:20-cv-00108, N.D. Ohio. In the *Smith* action, Nationwide—in addition to filing a motion to dismiss the complaint—filed a motion to certify the same question that Allstate is requesting to have certified here.[18] However, that certification motion is still pending and the Supreme Court of Ohio has not addressed the specific question presented here. Accordingly, the absence of such controlling precedent militates in favor of certifying the proffered question.

## II. ADDITIONAL FACTORS FAVOR CERTIFICATION OF THE PROFFERED QUESTION.

In addition to the reasons set forth above, certification is warranted based on the efficiencies to be gained from a definitive ruling on the scope of an "actual cash value" limit of liability in the context of total loss vehicle payments in Ohio, and the legal requirements that Ohio law may or may not impose on auto insurers. Such ruling could obviate or significantly streamline further discovery, briefing, hearings, and preparation of orders and opinions in this case and others. *See Arizonans for Official English*, 520 U.S. at 79 (certification may "'greatly simplif[y]' an ultimate adjudication in federal court) (internal citation omitted.)

Finally, certification is appropriate due to the likelihood that this legal issue will be repeatedly raised again in future litigation. *See Geib v. Amoco Oil Co.*, 29 F.3d 1050, 1060

---

[18] *See Smith* ECF No. 7.

(6th Cir. 1994) (certifying question to Supreme Court of Michigan "[i]n light of the likelihood that [similar] claims will recur in federal litigation"). According to the seven other pending suits referenced in this Motion, Allstate and its competitors allegedly have been, and are continuing to, adjust total loss vehicle claims on a regular basis throughout Ohio, without paying some or all of the allegedly required Vehicle Sales Tax and Registration Fees. *See, e.g., Ostendorf* Compl. (**Ex. 3** hereto); *Wilkerson* Compl. (**Ex. 4** hereto); *Davis* Complaint (**Ex. 5** hereto); *Smith* Compl. (**Ex. 6** hereto); and *Desai* Compl. (**Ex. 7** hereto); *see also supra*, at pp. 3-4. Certification of the proffered question here would enable the Supreme Court to address an issue that impacts many Ohio residents, as well as numerous insurance companies operating in Ohio. Accordingly, certification of the question presented here is appropriate.

## CONCLUSION

For all of the foregoing reasons, Allstate respectfully requests that, pursuant to Supreme Court of Ohio Practice Rule 9.01, the Court certify the following question:

> Where an Ohio private passenger automobile insurance policy provides for payment of loss to a covered auto up to the limit of liability, and where "actual cash value" of the damaged property is a measure of the limit of liability, must the insurer pay for sales tax, title-transfer fees, and registration fees (collectively, "Vehicle Sales Tax and Registration Fees") when the auto is determined to be a total loss?

Respectfully submitted,

/s/ Gregory R. Farkas
Gregory R. Farkas            (0069109)
Lindsey Carr Siegler         (0074182)
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, OH  44114
216-515-1660 – Telephone
216-515-1650 – Facsimile
gfarkas@frantzward.com
lsiegler@frantzward.com

Mark L. Hanover (*pro hac vice pending*)
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, Illinois  60606
Telephone: (312) 876-8000
mark.hanover@dentons.com

*Attorneys for Defendant*
*Allstate Fire and Casualty Insurance Company*

## LOCAL RULE 7.1(f) CERTIFICATION

I hereby certify that this Memorandum complies with the page limitations set forth in Loc.R. 7.1(f). This case has not yet been officially assigned to a track.

                                                  */s/ Gregory R. Farkas*

                                                  *One of the Attorneys for Defendant*
                                                  *Allstate Fire and Casualty Insurance Company*